UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

OSCAR C.,

            Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.
_____

**DECISION AND ORDER**

1:20-CV-01294 EAW

## INTRODUCTION

Represented by counsel, Plaintiff Oscar C. ("Plaintiff") brings this action pursuant to Title XVI of the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner," or "Defendant") denying his application for supplemental security income ("SSI"). (Dkt. 1). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Dkt. 12; Dkt. 13). For the reasons discussed below, Defendant's motion (Dkt. 13) is denied and Plaintiff's motion (Dkt. 12) is granted in part. The matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order.

## BACKGROUND

Plaintiff protectively filed his application for SSI on February 10, 2017. (Dkt. 11-2 at 17; Dkt. 11-6 at 2-8).[1] In his application, Plaintiff alleged disability beginning July 28, 2016. (Dkt. 11-2 at 17; Dkt. 11-6 at 2). Plaintiff's application was initially denied on May 10, 2017. (Dkt. 11-2 at 17; Dkt. 11-5 at 4-9). At Plaintiff's request, an initial hearing was held before administrative law judge ("ALJ") Brian LeCours on March 28 2019, and a supplemental hearing was held on July 10, 2019, with Plaintiff appearing in Buffalo, New York, and the ALJ presiding via video from Albany, New York. (Dkt. 11-2 at 17, 35-83, 84-109). On July 22, 2019, the ALJ issued an unfavorable decision. (*Id.* at 17-27). Plaintiff requested Appeals Council review; his request was denied on July 22, 2020, making the ALJ's determination the Commissioner's final decision. (*Id.* at 2-9). This action followed.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the [Social Security Administration ("SSA")], this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is

---

[1] When referencing the page number(s) of docket citations in this Decision and Order, the Court will cite to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.

supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence). However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## II.     Disability Determination

An ALJ follows a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ determines whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 416.920(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 416.920(c). If the claimant does not have a severe impairment or

combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does have at least one severe impairment, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id*. § 416.920(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (*id*. § 416.909), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id*. § 416.920(e).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits the claimant to perform the requirements of his or her past relevant work. *Id*. § 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id*. § 416.920(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of the claimant's age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation omitted).

## DISCUSSION

### I.   The ALJ's Decision

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. § 416.920. At step one, the ALJ determined

that Plaintiff had not engaged in substantial gainful work activity since February 10, 2017, the application date. (Dkt. 11-2 at 19).

At step two, the ALJ found that Plaintiff suffered from the severe impairments of: left shoulder arthritis, left knee osteoarthritis, history of non-material alcohol and cannabis use, an adjustment disorder, and depressive disorder. (*Id.* at 20). The ALJ further found that Plaintiff's medically determinable impairments of hypertension, right ankle osteoarthritis, onchomycosis, degenerative disc disease of the cervical spine, and lumbago with lower back pain and sciatica were non-severe. (*Id*. at 20-21).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any Listing. (*Id* at 21). The ALJ particularly considered the criteria of Listings 1.00 and 12.00 in reaching his conclusion. (*Id.*).

Before proceeding to step four, the ALJ determined that Plaintiff retained the RFC to perform light work as defined in 20 C.F.R. § 416.967(b), with the following limitations:

> he can occasionally operate pedal controls, can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps, stairs, ladders, ropes or scaffolds, should avoid exposure to hazardous conditions such as unprotected heights and dangerous machinery (but he can drive automotive machinery occasionally). Additionally, [Plaintiff] can perform unskilled tasks, work requiring little or no judgment to do simple duties that can be learned on the job in a short period of time, and there can be occasional interaction with the general public and co-workers and frequent interaction with supervisors.

(*Id.*).

At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. (*Id.* at 25). At step five, the ALJ relied on the VE's testimony to conclude that, through the date last insured and considering Plaintiff's age, education, work experience,

and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, including the representative occupations of cleaner/housekeeping, a router, garment folder, and office helper. (*Id.* at 26). Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Act. (*Id.*).

## II.     Remand of this Matter for Further Proceedings Is Necessary

Plaintiff asks the Court to reverse or, in the alternative, remand this matter to the Commissioner, arguing that the Appeals Council erred in its assessment of additional medical evidence submitted by Plaintiff. (Dkt. 12-1 at 16-21). For the reasons set forth below, the Court finds that the Appeals Council improperly assessed the newly submitted evidence and that this error necessitates remand for further administrative proceedings.

On July 19, 2019, Plaintiff submitted over 100 pages of records from the Buffalo Federation of Neighborhood Centers for treatment he received there between May 5, 2014 and June 28, 2019. (Dkt. 11-3 at 2-120). In denying Plaintiff's request for review, the Appeals Council stated, "You submitted records from the Buffalo Federation of Neighborhood Centers for May 5, 2014 through June 28, 2019 (119 pages). We find this evidence does not show a reasonable probability that it would change the outcome of the decision," and did not admit the exhibits. (Dkt. 11-2 at 3).

"[T]he Appeals Council, in reviewing a decision based on an application for benefits, will consider new evidence only if (1) the evidence is material, (2) the evidence relates to the period on or before the ALJ's hearing decision, and (3) the Appeals Council finds that the ALJ's decision is contrary to the weight of the evidence, including the new evidence," and good cause for not providing the information earlier is shown. *Rutkowski*

*v. Astrue*, 368 F. App'x 226, 229 (2d Cir. 2010) (citing 20 C.F.R. § 416.1470); *Sharon M. v. Comm'r of Soc. Sec.*, No. 19-CV-835S, 2021 WL 2153876, at *3 (W.D.N.Y. May 27, 2021); *see also Graham v. Berryhill*, 397 F. Supp. 3d 541, 557 n.10 (S.D.N.Y. 2019) (when faced with an argument that the Appeals Council failed to appropriately consider the new evidence submitted to it, "the court is expected to determine if the new evidence results in the ALJ's decision not being supported by substantial evidence or otherwise runs afoul of [42 U.S.C.] section 405(g)"). Evidence is considered new and material if it is not cumulative of the other evidence already in the record and is "'both relevant to the claimant's condition during the time period for which benefits were denied and probative'" and demonstrates "'a reasonable possibility that the new evidence would have influenced the Secretary to decide claimant's application differently.'" *Graham v. Berryhill*, 397 F. Supp. 3d 541, 557 (S.D.N.Y. 2019) (quoting *Lisa v. Sec'y of Health & Human Servs.*, 940 F.2d 40, 43 (2d Cir. 1991)).

Here, the Court agrees with Plaintiff that the additional material submitted to the Appeals Council was not adequately assessed. In particular, the additional records include Plaintiff's referral by a psychiatric social worker to an Erie County Department of Mental Health Single Point of Access ("SPOA") program designed to provide intensive community based mental health services for high-risk individuals. (Dkt. 11-3 at 3-7); *see generally* https://www3.erie.gov/mentalhealth/single-point-access-spoa (last visited May 25, 2022). The referral reflects Plaintiff's diagnoses of psychotic disorder, mood disorder, alcohol dependence, and cannabis dependence. (Dkt. 11-3 at 7). Another newly submitted document was a Disability Verification opinion completed by a licensed psychiatric

medical professional dated January 1, 2015, which indicated that Plaintiff had marked difficulties in maintaining social functioning and frequent deficiencies of concentration, persistence, or pace resulting in a failure to complete tasks in a timely manner in work, home, or school settings.  (*Id.* at 8).  The Disability Verification also noted that Plaintiff has met the criteria for a score of 50 or less on the Global Assessment of Functioning Scale.  (*Id*).  Additional newly submitted records relate to Plaintiff's mental health or substance abuse services (*id.* at 27, 28, 33, 38, 43), or other services concerning housing, community living, and wellness management (*id.* at 21-120).

The additional records also included a Disability Statement from Scott A. Croce, D.C.P.C.  (*Id.* at 9).  Dr. Croce opined that Plaintiff had diagnoses of cervicalgia, chronic post-traumatic headache, cervicobrachial syndrome, left side sciatica, low back pain, and back muscle spasms and was under a total disability and off work from August 17, 2016 through September 1, 2016.  (*Id.* at 9).  Similar opinions from Dr. Croce were among those documents in the newly submitted records, dated September 1, 2016 (*id.* at 10), September 29, 2016 (*id.* at 11), October 27, 2016 (*id.* at 12), December 1, 2016 (*id.* at 13), May 4, 2017 (*id.*at 14), April 5, 2018 (*id.* at 15), April 4, 2017 (*id*. at 16), March 7, 2017 (*id.* at 18), February 7, 2017 (*id.* at 19), and January 3, 2017 (*id.* at 20).  In each of the opinions, Dr. Croce extended the time period under which he concluded that Plaintiff remained totally disabled.

While it "is not clear that the Appeals Council must in all cases provide 'good reasons' for failing to credit newly submitted material evidence," *Coulter v. Berryhill*, No. 15-CV-849A, 2017 WL 4570390, at *9 (W.D.N.Y. Sept. 5, 2017), *report and*

*recommendation adopted*, No. 1:15-CV-00849 (MAT), 2017 WL 4541010 (W.D.N.Y. Oct. 11, 2017), courts in this district have held that "when claimants submit to the Appeals Council treating-physician opinions on the nature and severity of their impairments during the relevant period of disability, the treating physician rule applies, and the Appeals Council must give reasons for the weight accorded to that opinion." *Lalonde v. Comm'r of Soc. Sec.*, No. 6:19-CV-06411 EAW, 2020 WL 5651611, at *3 (W.D.N.Y. Sep. 23, 2020) (quotation omitted); *Stephanie T. o/b/o M.A.T. v. Comm'r of Soc. Sec.*, No. 19-CV-06229, 2021 WL 3077893, at *4 (W.D.N.Y. July 21, 2021) ("This District has repeatedly found the treating physician rule applies both to the ALJ and the Appeals Council. Consequently, like the ALJ, the Appeals Council must provide an 'explicit analysis' of the treating physician's opinion and cannot reject it with boilerplate language.") (citations omitted); *Faro v. Comm'r of Soc. Sec.*, No. 6:19-CV-6479 (CJS), 2020 WL 5361668, at *4 (W.D.N.Y. Sept. 8, 2020) ("The Appeals Council's perfunctory statement that Dr. Ragusa's medical source statement 'does not show a reasonable probability that it would change the outcome of the decision,' without any legal or factual reasoning, leaves the Court with no way to determine whether the Council's ruling was correct."). While Dr. Croce is a chiropractor whose opinion is not entitled to the same weight as a treating physician, *Brush v. Berryhill*, 294 F. Supp. 3d 241, 259 (S.D.N.Y. 2018) ("As the ALJ noted . . . Dr. DeSantis is a chiropractor, and because a chiropractor is not an 'acceptable medical source,' an ALJ is not required to give a chiropractor's opinions controlling weight under the Commissioner's regulations for treating sources.") (citing *Diaz v. Shalala*, 59 F.3d 307, 313-14 (2d Cir. 1995)), the Appeals Council's failure to provide any analysis of

a chiropractor's opinion can result in a circumstance where the court is unable to conclude that the ALJ's decision is supported by substantial evidence, *Coulter*, 2017 WL 4570390, at *9 (remanding in part due to Appeal Council's failure to properly assess chiropractor's opinion).

Here, the Appeals Council failed to provide any assessment of Dr. Croce's opinions. As noted, Dr. Croce repeatedly opined that Plaintiff was under a total disability during the relevant time period and his opinions are at odds with the ALJ's decision. While a finding of disability is a matter reserved for the Commissioner, the lack of any assessment from the Appeals Council to explain the weight given to the opinions or allow the court to follow the reasoning alone could support remand.

But in addition to Dr. Croce's opinion, as noted, other newly submitted records also reflect information relating to Plaintiff's mental health treatment which is material and noncumulative. Based on the record before him, the ALJ concluded in his decision that Plaintiff had moderate limitations in his ability to understand, remember, or apply information; moderate limitations in interacting with others; moderate limitations with concentration, persistence, or maintaining pace; and mild limitations adapting or managing himself. (Dkt. 11-2 at 20). The SPOA referral and Disability Verification contained in the new records arguably conflict with the ALJ's application of the psychiatric review technique. In addition, in concluding that Plaintiff was not as limited as he alleged, the ALJ noted "the lack of medical evidence supporting the overall allegations," (Dkt. 11-2 at 25) and it is conceivable that the new records could alter that analysis, *see Lesterhuis v. Colvin*, 805 F.3d 83, 88 (2d Cir. 2015) ("We agree that, on the facts of this case, the ALJ's

decision was not supported by substantial evidence because the new evidence contradicted the ALJ's conclusion in important respects."). The new records also may bolster the medical opinion evidence or affect the weight given by the ALJ to those opinions.

The Commissioner argues that the evidence before the Appeals Council does not deem the ALJ's decision contrary to the weight of the evidence and notes that the evidence provided by the social worker and chiropractor is "weak evidence at best." (Dkt. 13-1 at 10). The Commissioner also argues that because an opinion on disability is a matter reserved for the Commissioner, no special significance is afforded such opinions and that the conclusions are inconsistent with the overall record evidence. (*Id.*). But the relevance of the new evidence is not that it establishes Plaintiff's disability, but that it supports the severity of Plaintiff's limitations and potentially contradicts portions of the ALJ's reasoning. *Faro*, 2020 WL 5361668, at *4 ("There may be reasons why Dr. Ragusa's medical source statement is not new and material or would not change the outcome of the decision, but it is the duty of the Appeals Council to specify what those reasons are."). Further, while some of the records pre-date Plaintiff's alleged onset date and Plaintiff has not provided information as why the records were not before the ALJ, the Appeals Council did not reject the evidence on these bases. Any arguments now by the Commissioner amount to post-hoc rationalizations and are no substitute for a proper analysis by the Appeals Council. *See Nefrititi S. o/b/o A.E.A. v. Comm'r of Soc. Sec.*, No. 19-CV-00199, 2021 WL 2649649, at *5 (W.D.N.Y. June 28, 2021) ("Defendant offers various post-hoc rationalizations for why the AC's conclusion cures any deficits regarding the sufficiency of the evidence of record, including the opinions from the teachers, and argues the evidence

submitted is consistent and supports the ALJ's findings. This argument is impermissible as the AC did not offer any rationale and this Court is unable to glean anything from the conclusory statement in the decision." (citation omitted)); *see also Anthony A. v. Comm'r of Soc. Sec.*, No. 3:20-CV-00943 (TWD), 2022 WL 806890, at *7 (N.D.N.Y. Mar. 17, 2022) (remanding for proper consideration of medical evidence where it remained unclear if the medical information or the timing of its submission was ever properly considered).

In sum, the new evidence presented by Plaintiff at the very least supports Plaintiff's allegations of his limitations. The explanation given by the Appeals Council—which consisted of a cursory statement that the evidence does not show a reasonable probability that it would change the outcome of the decision—does not address this issue. The ALJ did not have the benefit of this evidence and the Commissioner should have the opportunity to address it in considering whether it supports Plaintiff's complaints in rendering a decision on whether Plaintiff's limitations prevented him from engaging in competitive employment. *See Webster v. Colvin*, 215 F. Supp. 3d 237, 243 (W.D.N.Y. 2016) (explaining that "[a] reviewing court cannot assess whether the new evidence relates to the period on or before the ALJ's decision," and remanding case to the Commissioner for reconsideration in light of the new evidence); *see also Poler v. Comm'r of Soc. Sec.*, No. 18-CV-1298, 2020 WL 1861920, at *6 (W.D.N.Y. Apr. 14, 2020) (explaining that while new medical records may be irrelevant to the period of disability, "[i]t is equally possible . . . that the new evidence clarifies a pre-hearing disability and suggests that [Plaintiff's] condition was more serious than previously thought during the relevant time period"

(quotation and citation omitted)). Accordingly, the case is remanded for further administrative proceedings.

## CONCLUSION

For the foregoing reasons, the Commissioner's motion for judgment on the pleadings (Dkt. 13) is denied, and Plaintiff's motion for judgment on the pleadings (Dkt. 12) is granted to the extent that the matter is remanded for further administrative proceedings consistent with this Decision and Order. The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: May 31, 2022
       Rochester, New York